UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:08CV162-J

JAMES COOMER                                                                PLAINTIFF

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is claimant James Coomer's Complaint seeking judicial review of the unfavorable decision rendered by the defendant Commissioner denying his claims for Disability Insurance ("DIB") and Supplemental Security Income Benefits ("SSI"). After examining the administrative record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision is supported by substantial evidence and should be upheld.

PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI benefits on April 28, 2003 alleging that he became disabled as of February 1, 2001 as a result of problems with plates in ankles, hips, lower back, knee pain, nerves, sleeping problems, and depression. Claimant's previous work included work as a welder and drywall laborer. Following the initial decision in this case, the Appeals Council remanded the case for further development. Following additional hearings at which both the claimant and a vocational expert offered testimony, Administrative Law Judge Timothy Keller ("ALJ") found that the claimant has severe impairments of obstructive airways disease, sleep apnea, status post ankle injury in 2005, bilateral hip and knee pain, status post back injury in 1993 motorcycle accident, depression and bilateral carpal tunnel syndrome (Tr. 25). However, the ALJ found that plaintiff remains capable of performing sedentary work, stating:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work. Sedentary work is defined at 20 CFR 404.1568 and 416.968 as "lifting no more than 10 pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." Claimant is able to meet the exertional requirements of this level of work activities. He can sit eight hours per work day, stand/walk for two hours per work day; he may occasionally balance, stoop, crouch, kneel and crawl but never climb or use foot controls. He cannot work at heights or around industrial hazards. He is able to understand, remember, and carry out simple, repetitive 1-2-3 step work instructions. (TR 30)

Plaintiff appeals from this unfavorable decision.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by an error of law, and to determine whether substantial evidence supports the decision of the Commissioner, 42 U.S.C. §405(g); Elam ex. Rel. Golay, v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary of HHS, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even thought the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d

106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).

Plaintiff alleges the following errors: 1) the ALJ erred in failing to find plaintiff's obstructive sleep apnea, chronic asthmatic bronchitis, and in adequate sleep hygiene with delayed sleep phase syndrome to be severe impairments; 2) the ALJ failed to determine that he meets or medically equals Listing 1.02; 3) the ALJ failed to properly consider the effects of plaintiff's pulmonary problems and difficulty ambulating in formulating his RFC; 4) the ALJ erred in evaluating the claimant's pain; and 5) the vocational expert testimony relied upon by the ALJ is flawed.

## ANALYSIS

The claimant first argues that it was error for the ALJ not to consider the medical records of pulmonary specialist Dr. John Rodrigues, who diagnosed the claimant with obstructive sleep apnea from chronic asthmatic bronchitis with inadequate sleep hygiene with delayed sleep phase syndrome. In the opinion, the ALJ found that the claimant suffered from numerous impairments, including obstructive airways disease and sleep apnea. This Court routinely notes that the mere diagnosis of a condition says nothing about its severity, Higgs v. Bowen, 880 F.2d 860 (6th Cir. 1988). Furthermore, it is not error for a particular impairment to be found non-severe so long as the effect of that condition is considered in determining whether the claimant retained sufficient residual functional capacity to allow him to perform substantial gainful activity, Maziarz v. Secretary of HHS, 837 F.2d 240, 244 (6th Cir. 1987). The crucial emphasis is whether the impact of any such condition (i.e. its resulting functional limitations) is considered and accounted for in subsequent steps of the sequential evaluation process. The ALJ considered the claimant's sleep apnea and

breathing difficulties when carrying out the sequential evaluation process. Furthermore, the claimant has failed to establish that he suffers from additional limitations not identified and considered by the ALJ. The Court determines that the ALJ's findings at Step Two are supported by substantial evidence and are entitled to this Court's deference.

Next, claimant argues that he meets or medically equals Listing 1.02. In order to meet or equal the requirements of a listed impairment, a claimant must demonstrate specific findings that duplicate the enumerated criteria of the listed impairment. Listing 1.02 requires findings of both a gross anatomical deformity and an inability to ambulate effectively. The medical evidence of record from Dr. Michael Hoffstetter indicates that the claimant moved slowly but with a stable gait in April of 2004 (Tr. 255), he had a normal gait with stable turns and normal stride length in June 2004 (Tr. 252), and by latter 2004, he had a normal gate and was not using a cane (Tr. 313-319). Dr. Corbett examined claimant in January 2007 and concluded that claimant could ambulate moderately well without an ambulatory device and had only a mild impairment in his ability to stand or walk (Tr. 331-333). The evidence of record simply fails to meet the stringent requirements of listing severity, and the claimant has not proven otherwise. There is ample evidence of record that refutes plaintiff's allegation that he meets Listing 1.02. Accordingly, the Court finds no reversible error.

Claimant's third argument is that the ALJ failed to consider his pulmonary problems and difficulty ambulating in determining that he retains the ability to perform sedentary work. With regard to the claimant's pulmonary problems, the ALJ did consider the claimant's pulmonary condition and the related subjective complaints. However, the ALJ found his complaints not to be entirely credible. The claimant does have a history of bronchitis as well as a pneumonia, and records indicate some wheezing on examination. Dr. Rodrigues' records indicate pulmonary function

testing reveals severe obstructive airways disease, but with significant bronchodilator response (Tr. 340), and that this pulmonary function testing followed a recent bout of pneumonia (Tr. 344-5). Of additional importance to the analysis is the claimant's continued smoking through June 2007; this fact undermines the claimant's credibility in alleging significant limitations related to his pulmonary condition, Sias v. Secretary of HHS, 861 F.2d 475, 480 (6th Cir. 1988).

With regard to the claimant's ability to ambulate and its effect upon his ability to work, the claimant has failed to identify any physical limitations in excess of those considered by the ALJ in formulating the controlling hypothetical. There is little in the medical evidence that would support claimant's claim of inability to ambulate. While he no doubt suffers from pain as a result of his various injuries, there is nothing to substantiate the degree of limitation he alleges.

In deciding this case, the ALJ utilized both the framework of the Medical-Vocational Guidelines and the testimony of a vocational expert to determine that a significant number of jobs exist in the national economy that plaintiff can still perform. In response to the controlling hypothetical (Tr. 428), the vocational expert identified several jobs the claimant remained capable of performing, including sedentary bench assembly, sedentary inspecting, and sedentary production labor such as polishing and removing excess parts from molded items (Tr. 428-429). Notably absent from the controlling hypothetical are any respiratory limitations, such as the need to avoid dust, fumes, gases, etc. It does not necessarily follow that because the claimant was found to have severe pulmonary impairments, he would automatically need accommodation for pulmonary irritants. The evidence of record is of little help to claimant in this regard, as Dr. Corbett specifically indicated that plaintiff has no limitation in his ability to be around temperature, dust, humidity, or wetness (Tr. 333). The records do show a history of several bouts of bronchitis and an episode of pneumonia,

and diagnoses of several pulmonary conditions. However, nothing in the record indicates that these conditions cause vocationally significant limitations. The records of both the treating and consultative physicians simply fail to support the claimant's allegations as to the severity of his breathing difficulties. Given Dr. Corbett's assessment, it was not error for the ALJ to omit respiratory limitations from the RFC and controlling hypothetical.

Next, the claimant alleges that the ALJ erred in evaluating his pain. SSR 96-7p provides instruction on credibility evaluation as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. §§ 404.1529c) and 416.929c) describe the kinds of evidence, including the factors below, that the adjudicator must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1) Your daily activities;

2) The location, duration, frequency, and intensity of your pain or other symptoms;

3) Precipitating and aggravating factors;

4) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;

5) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;

6) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

6

    7)      Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter, Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987). An ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other, Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990). In other words, discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence, Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997). Furthermore, if the ALJ rejects the claimant's testimony as not credible, he or she must state reasons for doing so, Auer v. Secretary, 830 F.2d 594, 595 (6th Cir. 1987). While plaintiff disagrees with the ALJ's stated reasons for rejecting his credibility, it is nonetheless clear to this Court that the ALJ stated sufficient reasons for his credibility determinations. Accordingly, the Court finds that the ALJ properly set forth specific reasons for rejecting plaintiff's complaints of debilitating pain and inability to breathe (Tr. 32), and it declines to disturb the ALJ's findings.

       Finally, Plaintiff challenges the ALJ's vocational findings at the fifth step in the sequential evaluation process. At this step, the Commissioner has the burden of demonstrating that there exists a significant number of jobs in the local, regional and national economies that the claimant can perform given his or her residual functional capacity, Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). Testimony from a vocational expert can constitute substantial evidence to satisfy this burden, Bradford v. Secretary of HHS, 803 F.2d 871, 874 (6th Cir. 1986) (per curiam), provided that the vocational expert's testimony is based upon a hypothetical question that accurately portrays the limitations imposed by the claimant's physical and mental impairments, Varley v. Secretary of HHS,

820 F.2d 777, 779 (6th Cir. 1987).

Plaintiff contends that the vocational expert's response to the controlling hypothetical was not substantial evidence upon which the ALJ could conclude that there exist significant numbers of jobs which plaintiff court perform. The undersigned has carefully reviewed the vocational expert testimony and notes that the claimant did not object to the jobs identified during the hearing. Furthermore, the VE's testimony was that each of the jobs identified were for the sedentary versions of the jobs, not the light or medium versions.

Finally, with regard to the attorney's request to supplement the record with Dr. Rodrigues' treatment notes, the Court finds that this issue is more properly addressed in a Sentence Six motion. The criteria for obtaining such a remand require the claimant to show that the evidence submitted is new and material and that there was good cause for not presenting the evidence in the previous proceeding. The claimant has made no such showing, and the Court finds that a sentence six remand is unnecessary.

## CONCLUSION

After reviewing the record as a whole, the Court concludes that the ALJ's decision is supported by substantial evidence and is entitled to deference.

A judgment in conformity with this Memorandum Opinion has this day been entered.